UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 9, 2014

LETTER TO PLAINTIFF AND COUNSEL:

    RE:    *Reginald Foster v. Commissioner, Social Security Administration*;
             Civil No. SAG-13-2545

Dear Mr. Foster and Counsel:

    On September 3, 2013, the Plaintiff, Reginald Foster, petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the Commissioner's Motion for Summary Judgment. (ECF No. 23). No response was filed by Mr. Foster, who appears *pro se*.[1] I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny the Commissioner's motion and remand the case to the Commissioner for further proceedings in accordance with this letter opinion.

    Mr. Foster filed his claims in September, 2010, alleging disability beginning on February 2, 1992. (Tr. 148-159). His claims were denied initially on December 13, 2010, and on reconsideration on February 14, 2011. (Tr. 83-90, 91-92). A hearing was held on April 17, 2012 before an Administrative Law Judge ("ALJ"), and Mr. Foster was represented by counsel. (Tr. 42-78). Following the hearing, on May 4, 2012, the ALJ determined that Mr. Foster was not disabled during the relevant time frame. (Tr. 25-41). The Appeals Council denied Mr. Foster's request for review, (Tr. 7-13), so the ALJ's decision constitutes the final, reviewable decision of the agency.

    The ALJ found that during the relevant time period, Mr. Foster suffered from the severe impairments of hepatitis C, substance/alcohol abuse, and degenerative disc disease. (Tr. 30). Despite these impairments, the ALJ determined that Mr. Foster retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except can only frequently push or pull with the right upper extremity; can only

---

[1] On October 16, 2014, the Court sent Mr. Foster a Rule 12/56 letter advising him of the potential consequences if he did not file an opposition to the Commissioner's motion. (ECF No. 25). Nonetheless, Mr. Foster did not respond.

> frequently climb ramps, stairs, stoop, kneel crouch and crawl;, only frequently climb ladder, ropes and scaffolds; can only frequently rotate, flex and extend the neck; can only frequently handle and frequently finger with the right extremity and right hand in particular;, must avoid concentrated exposure to extreme cold as well as concentrated exposure to extreme heat and concentrated exposure to excessive vibration; hazardous moving machinery and unprotected heights; can only perform simple, routine, repetitive tasks in low stress work environment with no strict production quotas.

(Tr. 32). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Foster could perform his past relevant work as a warehouse worker, unskilled, medium, and that he was therefore not disabled during the relevant time frame. (Tr. 36).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, I cannot find that substantial evidence supports the ALJ's decision that Mr. Foster is capable of past relevant work as a warehouse worker.

The errors in this case reflect a lack of precise analysis, as opposed to a substantive misjudgment. The ALJ cited to significant medical evidence supporting his conclusion that Mr. Foster is not disabled under the law. However, the ALJ made expressly contradictory findings regarding Mr. Foster's prior employment record. The ALJ first determined that, "The claimant has not engaged in substantial gainful activity since February 2, 1992, the alleged onset date. The claimant worked after the alleged disability onset date but this work activity did not rise to the level of substantial gainful activity." (Tr. 30). However, a few pages later, the ALJ concluded that, "The claimant is capable of performing past relevant work as a warehouse worker, unskilled, medium. . . The claimant's past work was performed within the past 15 years at the substantial gainful activity level." (Tr. 36).

From the record, it is unclear whether Mr. Foster in fact worked as a warehouse worker within the past 15 years at the substantial gainful activity level. If he did not, then the job of warehouse worker could not be considered to be past relevant work. *See* SSR 82-62 (noting that past work is relevant "when it was done within the last 15 years, lasted long enough for you to learn to do it, and was substantial gainful activity."). Although the ALJ adduced alternative testimony from the VE regarding other potential jobs that could be performed by Mr. Foster, the ALJ did not proceed to step five and made no findings in the opinion relating to the alternative testimony. (Tr. 71-72). Moreover, although the ALJ asked no questions at the hearing to ascertain sufficient detail about Mr. Foster's job as a warehouse worker in order to determine whether he remained able to perform it "as actually performed," the ALJ made an unsupported

*Reginald Gary Foster v. Commissioner, Social Security Administration*
Civil No. SAG-13-2545
December 9, 2014
Page 3

finding that Mr. Foster retained that capacity.[2]  Ultimately, because the ALJ did not support his step four finding that Mr. Foster was capable of performing past relevant work with substantial evidence, remand is required.  In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Foster is not entitled to benefits is correct or incorrect.

For the reasons set forth herein, the Commissioner's motion for summary judgment (ECF No. 23) will be DENIED, and the case will be REMANDED for further consideration by the Commissioner.  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

[2] The only evidence in the record describing Mr. Foster's job duties as a warehouse worker (which indicates that he performed the job from 1980-1983 and 1985-1986), is a Work History Report which indicates somewhat discrepant information regarding the specific job requirements.  (Tr. 200-03).  For example, for the later job, Mr. Foster indicates that the job involved only a single duty of, "puting [sic] cosmeratics [sic] in a box," but then indicates that it does not involve handling either big or small objects.  (Tr. 203).  It is therefore impossible to tell whether, as performed, Mr. Foster's job required more than frequent rotation, flexion, or extension of the neck and more than frequent handling or fingering with the right extremity and right hand fin particular.